# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARBARAELLEN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-02724 (UNA) |
| SOCIAL SECURITY OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application and, for the reasons discussed below, dismisses this matter without prejudice.

Plaintiff, a resident of the District of Columbia, is suing the Social Security Administration, two of its officials, and a smattering of its individual offices—located in the District of Columbia, Maryland, and California. *See* Compl. at 1–2, 7–9. The Complaint is, at times, illegible, and where they are legible, the allegations are vague, disjointed, and rambling, making Plaintiff's intended claims quite difficult to identify. The pleading is, essentially, a vague chronicle of every slight Plaintiff has allegedly endured in pursuing SSA benefits over the course of a decade, across multiple jurisdictions. *See generally id*. She demands equitable relief and damages. *See id*. at 10–11.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations are neither clear nor direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Complaint falls squarely into this category, failing to provide the Court or the Defendants with adequate notice of a claim. As pleaded, it is also impossible to assess whether *res judicata* applies, which is especially relevant here, because Plaintiff cites to previous cases that she has filed against the SSA. *See* Compl. at 9.

More, any cognizable claim here likely falls under the judicial review provision of the Social Security Act, codified at 42 U.S.C. § 405(g). *See Friedman v. Sebelius*, 686 F.3d 813, 826 (2012) (reiterating that "Section 405(h) [of 42 U.S.C.] . . . makes [42 U.S.C.] § 405(g) the exclusive avenue for judicial review of administrative decisions") (quoting *Nat'l Kidney Patients Assoc. v. Sullivan*, 958 F.2d 1127, 1130 (D.C. Cir. 1992) (alterations in original) (internal quotation marks

omitted)).  But Plaintiff fails to clearly identify the "final decision of the Commissioner of Social

Security," 42 U.S.C. § 405(g), that she challenges, or to allege sufficient facts from which the

Commissioner may reasonably identify the decision being challenged.

      Accordingly, the Court dismisses the Complaint, and this matter, without prejudice.  An

Order consistent with this Memorandum Opinion is issued separately.

      **SO ORDERED.**

TREVOR N. McFADDEN
United States District Judge

Date: November 18, 2025